UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| David Johnson,<br><br>Plaintiff,<br><br>-against-<br><br>The Chernin Group, LLC, Chernin Entertainment, LLC, Crescendo Production, LLC, Goldenlight Films, L.L.C., Goldenlight Films, Inc., PC Films, LLC, The Weinstein Company LLC, The Weinstein Company Inc., The Weinstein Company Holdings LLC, Lantern Capital Partners LP, and John/Jane Does 1-10,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff David J. Johnson ("***Plaintiff***" or "***Dave Johnson***") for his complaint against defendants The Chernin Group, LLC; Chernin Entertainment, LLC; Crescendo Productions, LLC; Goldenlight Films, L.L.C.; Goldenlight Films, Inc., PC Films, LLC, The Weinstein Company LLC; The Weinstein Company Inc.; The Weinstein Company Holdings LLC; Lantern Capital Partners LP, and John/Jane Does 1-10 (collectively "***Defendants***"); by its counsel Andrew J. Mollica, Esq. states and alleges as follows:

## INTRODUCTION

1.      Dave Johnson, a world famous sportscaster and longtime ABC, CBS, ESPN, and NBC voice of, among other famous events, countless internationally televised thoroughbred-horse races, including the Kentucky Derby, created, coined, immortalized, and, accordingly, trademarked (registered on the Principal Register of the United States Patent and Trademark Office) one of the most renowned, recognizable, and *famous* phrases in sports and entertainment: "AND DOWN THE STRETCH THEY COME."

2.      Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," is inextricably linked to Dave Johnson and is, and has been for over 50 years, inextricably linked to his celebrity persona, likeness, identity, and voice.

3.      Since the mid-1960s, Dave Johnson, as part of his call of thousands of televised and radio broadcasted thoroughbred-horse races for commercial use in interstate commerce, has exclaimed, and continues to exclaim, his trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," as the horses approach the last stage ("stretch drive") of the race.

4.      For decades, Dave Johnson has exploited his celebrity persona, likeness, identity, voice, and trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," which are all inextricably linked to each other, by announcing sporting events and performing in shows and other forms of entertainment in which he uses his signature phrase. Dave Johnson also exploits, as he has done for decades, his inextricably linked celebrity persona, likeness, identity, voice, and trademarked signature phrase by, among other things, selling merchandise bearing his trademarked signature phrase and using the phrase on his radio show.

5.      Television networks, radio stations, racetracks, and countless other entities and individuals, compensate Dave Johnson for using his celebrity persona, likeness, identity, and voice to announce thoroughbred-horse races for audiences throughout the United States and other nations and *distinctively and famous*ly exclaim his trademarked signature phrase, "AND DOWN THE STRETCH THEY COME."

6.      In addition, millions of fans throughout the United States and other nations attend thoroughbred-horse races and view thoroughbred-horse races on television or listen to the races on radio to hear Dave Johnson announce the races and exclaim his *distinctive and famous* signature phrase, "AND DOWN THE STRETCH THEY COME." Many of these fans watch the

races only after hearing Dave Johnson exclaim, "AND DOWN THE STRETCH THEY COME," which puts the fans in a frenzy and prompts them to pay attention because the race is coming to its dramatic conclusion.

7.     Nonetheless, decades after Dave Johnson and his use of his trademarked signature phrase became famous throughout the United States and other nations, Defendants—some of the world's most lucrative filmmaking and distribution enterprises, and their principals, in the entertainment industry—capitalized on Dave Johnson's celebrity persona, likeness, identity, and voice and his trademarked signature phrase's celebrity and popularity (which are essentially one). Defendants created, displayed, distributed, marketed, promoted, advertised, licensed, reproduced, offered for sale and rental, and sold the film St. Vincent ("*The Movie*") (and continue to do so), in which actor Bill Murray, playing the role of an alcoholic degenerate gambler (*i.e.*, a person of unsavory character), exclaims, in the context of a race and in a clear attempt to imitate Dave Johnson, "AND DOWN THE STRETCH THEY COME"

8.     Defendants did not seek, much less obtain, Dave Johnson's consent to use, display, distribute, market, promote, advertise, reproduce, license, offer for sale and rental, sell, or create a derivate work (or any other type of work) based upon his trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," or his inextricably linked celebrity persona, likeness, identity, voice, or artistry.

9.     Defendants used Dave Johnson's signature "AND DOWN THE STRETCH THEY COME" mark in a manner essentially identical to Dave Johnson's use of the mark in order to create an association with this famous mark and the mark's celebrity creator and thereby profit from these associations. Defendants engaged in the aforementioned conduct for the purpose of trade and making a profit. Defendants' acts have created, and will continue to create,

3

a likelihood of confusion of the public as to the origin of the "AND DOWN THE STRETCH THEY COME" mark and products, services (including announcing and broadcasting), and forms of entertainment using this mark; and willfully infringed and diluted (blurred and tarnished), and will continue to infringe and dilute (blur and tarnish), Dave Johnson's trademark rights in and to the "AND DOWN THE STRETCH THEY COME" mark.

10.    Defendants have also violated, and continue to violate, Dave Johnson's right to publicity under New York Law by willfully misappropriating Dave Johnson's signature phrase, "AND DOWN THE STRETCH THEY COME," which is synonymous with Dave Johnson and his inextricably linked celebrity persona, likeness, identity, and voice. Accordingly, Dave Johnson files this action seeking, *inter alia*, injunctive relief, damages, attorney's fees and costs.

## THE PARTIES

11.    Plaintiff Dave Johnson is an individual residing at 345 East 52nd Street APT. PH New York, NY 10022.

12.    Upon information and belief, defendant The Chernin Group, LLC is a limited liability company formed under the laws of Delaware and registered in California, with its principal place of business at 1733 Ocean Avenue Suite 300 Santa Monica, CA 90401. The Chernin Group, LLC, through its subsidiaries, manages, operates, and invests in businesses in the media, entertainment, and technology sectors. The company also operates an entertainment production company, investment company, and technology and media businesses across Asia.

13.    Upon information and belief, defendant Chernin Entertainment, LLC is a limited liability company formed under the laws of Delaware and registered in California, with its principal place of business at 1733 Ocean Avenue Suite 300 Santa Monica, CA, 90401-3265. Chernin Entertainment, LLC is a production company.

14.     Upon information and belief, defendant Crescendo Productions, LLC is a California limited liability company with its principal place of business at 252 N Larchmont Blvd #200 STE 320 Los Angeles, CA 90004. Crescendo Productions, LLC is a production company.

15.     Upon information and belief, defendant Goldenlight Films, L.L.C. is a limited liability company formed under the laws of Missouri and registered in California, with its principal place of business at 14854 Sutton Street Sherman Oaks CA 91403. Goldenlight Films, L.L.C. is a production company.

16.     Upon information and belief, defendant Goldenlight Films, Inc. is a company formed under the laws of California, with its principal place of business at 14532 Martha Street Van Nuys CA 91411.

17.     Upon information and belief, defendant PC Films, LLC is a limited liability company formed under the laws of Delaware and registered in California, with its principal place of business at 9100 Wilshire Blvd Suite 400W Beverly Hills CA 90212. In 2012, PC Films, Inc. was converted to PC Films, LLC.

18.     Upon information and belief, defendant The Weinstein Company LLC is a limited liability company formed under the laws of Delaware and registered in California, with its principal place of business at 99 Hudson Street, 4th Floor New York NY 10013. The Weinstein Company LLC operates as a multimedia production and distribution company. The company focuses on the production of television shows, news, and films. The Weinstein Company LLC serves customers worldwide.

19.     Upon information and belief, defendant The Weinstein Company Inc. is a company formed under the laws of Delaware and registered in Delaware, with its principal place

of business at 345 Hudson Street, 13th Floor, New York, NY 10014. The Weinstein Company Inc. operates as a multimedia production and distribution company. It offers film and television production services. The company was founded in 2005 and is based in New York, New York. The Weinstein Company Inc. operates as a subsidiary of The Weinstein Company Holdings LLC.

20.    Upon information and belief, defendant The Weinstein Company Holdings LLC is a limited liability company formed under the laws of Delaware and registered in Delaware, with its principal place of business at 345 Hudson Street, 13th Floor, New York, NY 10014. The Weinstein Company Holdings LLC produces, develops, and acquires theatrical pictures for release on DVD, television, and the Internet.

21.    Upon information and belief, defendant Lantern Capital Partners LP is a limited partnership formed under the laws of Texas and registered in Texas, with its principal place of business at 300 Crescent Court, Suite. 1100 Dallas, TX 75201.

22.    In 2018, defendant Lantern Capital Partners LP acquired defendants The Weinstein Company LLC, The Weinstein Company Inc., The Weinstein Company Holdings LLC. Lantern Capital Partners LP is the successor in interest of these three defendants.

23.    Plaintiff is unaware of the names and true capacities of defendants John/Jane Does 1-10, whether individual, corporate or partnership entities, named herein John/Jane Does 1-10, inclusive, and therefore sues them by their fictitious names.

24.    Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes, and based thereon alleges, that said defendants John/Jane Does 1-10 inclusive, are in some manner responsible for the wrongs

alleged herein, and at all times referenced each was the agent of the other defendants and was acting within the course and scope of said agency and employment.

25.     Defendants John/Jane Does 1-10 who are sued herein under fictitious names because their true names and capacities are unknown at this time.

26.     Upon information and belief, defendants John/Jane Does 1-10, inclusive, knew or should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.

27.     Defendants John/Jane Does 1-10, inclusive, had a non-delegable duty to prevent or cure such acts and the behavior described herein, which duty defendants John/Jane Does 1-10, inclusive, failed and/or refused to perform.

**JURISDICTION AND VENUE**

28.     This action arises, *inter alia*, under Section 43 of the Trademark Act of 1946, 15 U.S.C. § 1125, as amended. Subject matter jurisdiction over this complaint arises under Section 39(a) of the Lanham Act, 15 U.S.C. § 112l (a), and Sections 1331 (federal question jurisdiction), 1338(a) (trademark infringement), and 1338(b) (unfair competition) and 1367(a) (supplemental jurisdiction over state law claim), of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367(a). The Court has diversity and supplemental jurisdiction over the N.Y. Civ. Rights L. § 50 claim under Sections 1332 and 1367(a) of the Judicial Code, 28 U.S.C. §§ 1332(a) & 1367(a).

29.     Upon information and belief, Defendants regularly do and solicit business within the State of New York; have engaged in conduct within and outside this state causing injury within this judicial district and state, including without limitation, creating, displaying, distributing, marketing, promoting, licensing, advertising, reproducing, offering for sale or rental, selling of The Movie in this judicial district (or participated in or assisted or aided and

7

abided the aforementioned conduct), causing injury within this district and within the State; have derived substantial revenues from services and products advertised, distributed, reproduced, promoted, licensed, marketed, offered for sale or rental, and/or sold within this district and State; and have and should have reasonably expected their acts, including, but not limited to, the creating, displaying, distributing, reproducing, selling, marketing, promoting, licensing advertising, and offering for sale or rental of The Movie in violation of Plaintiff's rights to have consequences within this district and within the State, including, but not limited to, the harm suffered by Plaintiff complained of herein.

30.     Venue is properly laid in this district under Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), in that a substantial part of the events giving rise to the claim including, but not limited to, Defendants creating, displaying, and distributing, selling, marketing, promotion, advertising, and offering for sale of The Movie in violation of Plaintiff's rights under New York law and occurred in this District and in that Defendants are subject to personal jurisdiction in the State and are therefore deemed to reside in the State.

## BACKGROUND

### Dave Johnson created the "AND DOWN THE STRETCH THEY COME" mark.

31.     Dave Johnson, longtime ABC, CBS, ESPN, and NBC sportscaster and voice of, among other famous events since the 1960s, the Kentucky Derby, created, coined, and immortalized the phrase "AND DOWN THE STRETCH THEY COME."

32.     For more than fifty (50) years, Dave Johnson, as part of his call of thousands of televised and radio broadcasted harness and thoroughbred-horse races for commercial use in interstate commerce, has repeatedly used, and continues to use, his signature phrase, "AND DOWN THE STRETCH THEY COME," as the horses approach the last stage of the race.

8

33.     Dave Johnson first used the phrase "AND DOWN THE STRETCH THEY COME" in the 1960s, when he announced harness and thoroughbred-horse races in Illinois. He soon after used the phrase when announcing races in other states.

34.     Over time, being a professional, perfectionist, and artist, Dave Johnson worked on his inflection, tone, and volume and ultimately perfected his distinctive and famous signature phrase, "AND DOWN THE STRETCH THEY COME."

35.     Dave Johnson's artistic and distinctive exclamation of this, his signature phrase, captured, and continues to capture, the attention of millions of fans and puts the fans in a frenzy as it signals the arrival of the dramatic final stages of the race.

36.     The unique, exclusive sound and content of "AND DOWN THE STRETCH THEY COME," which has always distinguished Dave Johnson's mark and his announcing of races, is obtained by combining style, creativity and innovation with the quality and artistry unique to legendary broadcaster Dave Johnson.

37.     Consequently, Dave Johnson is a celebrity and recognized as one of the greatest announcers in the history of thoroughbred racing, receiving numerous awards and accolades including as recently as 2016 the "Jim McKay" award for excellence by the National Thoroughbred Writers and Broadcasters (NTWBA) Association. This award was named after the legendary Television announcer Jim McKay.

38.     Both individually and as part of broadcast teams, Dave Johnson has received numerous "Eclipse Awards" (Thoroughbred Racing's greatest honor) for his work, exemplifying excellence in the broadcast of the sport.

**Dave Johnson registered "AND DOWN THE STRETCH THEY COME"**
**under the Principal Register of the United States Patent and Trademark Office.**

39.     In 2012, Dave Johnson registered his signature phrase, "AND DOWN THE STRETCH THEY COME," under the Principal Register of the United States Patent and Trademark Office (Registration No. 425281). A true and correct copy of the trademark registered with the United States Patent and Trademark Office is annexed hereto as Exhibit A.

40.     Dave Johnson is one of many famous sports broadcasters to trademark a signature phrase. Examples include: College hoops announcer Dick Vitale has a trademark for his "awesome baby" exclamation; Boxing announcer Michael Buffer has a trademark for his famous "Let's get ready to rumble!" line; and Late Chicago Cubs radio man Harry Caray had four trademarks for his signature "Holy Cow!" exclamation.

**Dave Johnson's mark, "AND DOWN THE STRETCH THEY COME," is famous.**

41.     For decades, Dave Johnson has exploited, and continues to exploit, his inextricably linked signature phrase, celebrity persona, likeness, identity, and voice. Television networks, radio stations, racetracks, and countless other entities and individuals, have compensated, and continue to compensate, Dave Johnson to announce thoroughbred-horse races for millions of viewers and consumers throughout the United States and other nations and exclaim his *distinctive and famous* signature phrase, "AND DOWN THE STRETCH THEY COME."

42.     In 2014, the New York Times published an article in which the Times said "[t]here are the calls of Dave Johnson ("Down the stretch they come!") embedded in the aural history of our time." A copy of this article is annexed hereto as Exhibit B.

43.    Dave Johnson has used the phrase "AND DOWN THE STRETCH THEY COME" in races that he has announced on, among other national media outlets, ABC, CBS, ESPN, NBC, the Premiere and Clear Channel Radio Networks as well as Westwood One.

44.    Millions of dollars have been spent to advertise, produce, and televise Dave Johnson's broadcasts of races and use of his signature phrase, and are almost universally recognized by the general public and have generated hundreds of millions in revenue (and continues to generate revenue).

45.    For over forty years, Dave Johnson has regularly announced, both worldwide on national television and radio, and on site, all three legs of the world famous "Triple Crown" of thoroughbred-horse racing—The Kentucky Derby, The Preakness, and The Belmont Stakes.

46.    As the horses approached the final part of each Triple Crown Race that he announced, Dave Johnson punctuated his call for millions of viewers and consumers by distinctively exclaiming his trademarked signature phrase, "AND DOWN THE STRETCH THEY COME."

47.    In addition to announcing the Triple Crown Races, Dave Johnson has announced prestigious stakes races all over the world in his career, which has spanned five decades and continues today. Dave Johnson distinctively punctuated his call of each of these races by exclaiming "AND DOWN THE STRETCH THEY COME."

48.    In the context of thoroughbred-horse racing, when broadcasting races such as, among others, The Kentucky Derby, The Preakness, The Belmont Stakes, Dave Johnson has distinctively used the phrase "AND DOWN THE STRETCH THEY COME" thousands of times on national television for millions of viewers.

49.     Dave Johnson's use of his trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," and its influence on horse racing is well recognized today as the phrase is synonymous with some of the most historic race calls of the 1980's and 1990's and is the signature call of every Triple Crown race Dave Johnson ever announced, which are now immortalized and shown millions of times over on broadcast television and on line at "You Tube" and other video and audio archival sites on the worldwide web.

50.     Dave Johnson made the phrase "AND DOWN THE STRETCH THEY COME" one of the most renowned, recognizable, *distinctive* and *famous* phrases in sports and entertainment.

51.     Dave Johnson was a recurring guest on CBS's the "The Late Show," with David Letterman for many years. Dave Johnson's signature phrase, "AND DOWN THE STRETCH THEY COME" and his use of the phrase is so distinctive, famous, and universally recognized as his mark that he has made numerous voice appearances on the Late Show with David Letterman for a sound bite of "AND DOWN THE STRETCH THEY COME."

52.     Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," and his use of this phrase is *distinctive*.

53.     Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," and his use of this phrase is *famous*.

54.     Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," is distinctive to both the consuming and viewing public and Dave Johnson's trade, career, and reputation. Accordingly, Dave Johnson has a common law trademark right to "AND DOWN THE STRETCH THEY COME."

55.     The phrase "AND DOWN THE STRETCH THEY COME" is inextricably linked to Dave Johnson and has continued to be a part of his celebrity persona, likeness, identity, and voice.

### Dave Johnson has exclusive ownership rights in the <br> "AND DOWN THE STRETCH THEY COME" mark.

56.     Dave Johnson has not relinquished any ownership rights in his trademarked signature phrase, "AND DOWN THE STRETCH THEY COME".

57.     In addition to announcing thoroughbred-horse races, since at least as early as the 1960s, Dave Johnson has prominently displayed and used the "AND DOWN THE STRETCH THEY COME" mark and his celebrity persona in commerce in connection with the advertising, sale, marketing, broadcasting, announcing, and exploitation of thoroughbred-horse racing in all the 50 states of the United States and throughout the world.

58.     Broadcasts using Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," are distributed through interstate commerce and are available for consumers to view, purchase and rent in traditional outlets as well as online.

59.     In addition to his use in announcing races, Dave Johnson exploits his celebrity persona, likeness, identity, voice, and trademarked signature phrase (which are inextricably linked) to, among other things, sell merchandise with the phrase, use the phrase to raise money for disabled jockeys, and use the phrase for his horse racing show on Sirius XM Radio.

60.     Through all of the uses and actions alleged in the preceding paragraphs, Dave Johnson has successfully continued to exclusively exploit, in a myriad of ways, his celebrity persona, likeness, identity, voice, and trademark rights in his signature phrase, "AND DOWN THE STRETCH THEY COME" (which are all inextricably linked), so that the phrase has maintained its high-quality reputation as a distinctive iconic phrase.

13

61.     Further, the "AND DOWN THE STRETCH THEY COME" phrase continues to be sufficiently well known so that consumers associate it with merchandise, and sports and entertainment products, events, broadcasts, and productions by Dave Johnson.

62.     Through Dave Johnson's extensive publicity and exposure to millions of television viewers, radio listeners, and fans, and exploitation and use of the phrase "AND DOWN THE STRETCH THEY COME," "AND DOWN THE STRETCH THEY COME" has acquired distinctiveness.

63.     As a result of Dave Johnson's widespread, continuous, and exclusive use of his trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," to identify himself as the source of his sports broadcasting and announcing services and related merchandise, which includes using the mark to broadcast and announce thoroughbred-horse races, using the mark when appearing on television shows, including "The Late Show," with David Letterman; using the mark when appearing, hosting, and producing radio shows; and using the mark to sell certain merchandise and apparel; Dave Johnson owns valid and subsisting federal statutory and common law rights to the "AND DOWN THE STRETCH THEY COME" mark.

64.     Dave Johnson has expended substantial time, money, and resources developing, marketing, promoting his celebrity persona, likeness, identity, voice. and inextricably linked signature phrase, "AND DOWN THE STRETCH THEY COME," and the interstate goods and services by which he uses this mark.

65.     Unlike Defendants, members of the sports and entertainment industry recognize and respect Dave Johnson's trademark and his ownership of this phrase and consequently do not use the phrase. For example, on June 5, 2015, the New York Times reported as follows:

14

"Whether he is calling an ordinary horse race or a Triple Crown event, Larry Collmus is never tempted to say, near the end, "And down the stretch they come!" Collmus, who will announce Saturday's Belmont Stakes on NBC, said: 'When I hear it from another announcer, I say: 'That's awful. You can't say that. *It's Dave Johnson's line*.'" A copy of this article is annexed hereto as Exhibit C (emphasis added).

66.     The recognition, renown, and fame of Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," has resulted in the phrase having come to be associated in the minds of substantial number of people with a certain type of production or sporting or entertainment event announced by Dave Johnson, or merchandise sold or produced by Dave Johnson, and as such, the "AND DOWN THE STRETCH THEY COME" mark has acquired distinctiveness. Moreover, it is a commercial success. In all respects, it is considered to be, and continues to remain the one of the most famous phrases in perhaps all of sports and entertainment.

67.     Accordingly, prior to the acts of Defendants alleged herein, Plaintiff Dave Johnson has been the rightful owner of all intellectual property rights in and to "AND DOWN THE STRETCH THEY COME" in the United States, and considers "AND DOWN THE STRETCH THEY COME" a fundamental phrase in his acclaimed career and the sports and entertainment industry.

68.     As a result of its distinctiveness and widespread use and promotion throughout the United States, Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," is a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and became famous prior to the acts of Defendants alleged herein.

69.     Dave Johnson has not authorized any of Defendants to use the "AND DOWN THE STRETCH THEY COME" mark. Nor has he engaged in any licensing negotiations or transactions with Defendants.

70.     Dave Johnson has not authorized any of Defendants to use his celebrity persona, likeness, identity, or voice. Nor has he engaged in any licensing negotiations or transactions with Defendants.

•**Defendants willfully and knowingly infringed and diluted Dave Johnson's rights in the "AND DOWN THE STRETCH THEY COME" mark and misappropriated Dave Johnson's celebrity persona, likeness, identity, and voice.**

71.     Upon information and belief, beginning in 2104, Defendants created, displayed, distributed, sold, marketed, reproduced, promoted, licensed, advertised, offered for sale and rental, and sold The Movie (and continue to do so), in which actor Bill Murray, without a license or permission, and in the context of a race and in clear attempt to imitate Dave Johnson, exclaims, "AND DOWN THE STRETCH THEY COME," which accordingly, infringes and dilutes (blurs and tarnishes) the "AND DOWN THE STRETCH THEY COME" trademark owned by Dave Johnson. An image with screen captions for this clip of the movie is annexed as Exhibit D. The scene begins at the 1:12.29 mark of the movie.

72.     Upon information and belief, beginning in 2104, Defendants created, displayed, distributed, sold, marketed, reproduced, promoted, licensed, advertised, offered for sale and rental, and sold The Movie (and continue to do so), in which actor Bill Murray, without a license or permission, and in the context of a race, exclaims "AND DOWN THE STRETCH THEY COME," and thereby clearly imitates Dave Johnson and creates an association with the phrase's celebrity creator, Dave Johnson. Consequently, Defendants misappropriated Dave Johnson's celebrity persona, likeness, identity, and voice.

73.     Further evincing Defendants willful infringement and dilution of Dave Johnson's distinctive and famous mark, "AND DOWN THE STRETCH THEY COME," Defendants filmed several scenes at Aqueduct Racetrack in New York, the same racetrack on the New York Racing Association circuit where Dave Johnson has broadcast thousands of races, including, but not limited to, races broadcasted on national television and international television, and where millions have roared in excitement upon hearing "AND DOWN THE STRETCH THEY COME."

74.     Moreover, further connecting the movie to Dave Johnson's signature phrase's place in thoroughbred-horse racing, the movie's main character, played by Bill Murray, is a retired grumpy alcoholic who gambles regularly on horse racing. It is this unsavory character who exclaims "AND DOWN THE STRETCH THEY COME."

75.     This unsavory character also reflects the dark side of horse racing and his misappropriation and utterance of the phrase "AND DOWN THE STRETCH THEY COME" infringes, damages, blurs, tarnishes, and dilutes the mark and the rights and reputation of the mark's creator and owner, Dave Johnson—an esteemed and accomplished gentleman who is a universally respected legend in sports broadcasting and entertainment.

76.     The sight, sound, and meaning of the "AND DOWN THE STRETCH THEY COME" mark as used by Defendants is materially identical to the sight, sound, and meaning of the mark as used by its owner, Dave Johnson. Moreover, Defendants' use of the mark and Dave. Johnson's use of the mark appears in the same context (racing) of the same marketplace (sports and entertainment). Defendants used Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," in this manner to create an association with this famous mark and the mark's celebrity creator and thereby profit from these associations.

77.     In light of Defendants' exact and complete use of the "AND DOWN THE STRETCH THEY COME" mark, the materially identical sight, sound, and meaning of Defendants' and Dave. Johnson's respective uses of the mark; and Defendants' and Dave Johnson's respective uses of the mark in the same context (racing) in the same marketplace (sports and entertainment), Defendants' use of the mark is so closely related to Dave Johnson's use of the mark that consumers are likely to mistakenly assume a common source.

78.     Moreover, Defendants' exact and complete use of the phrase "AND DOWN THE STRETCH THEY COME," the materially identical sight, sound, and meaning of Defendants' and Dave. Johnson's respective uses of the phrase; and Defendants' and Dave Johnson's respective uses of the phrase in the same context (racing) in the same marketplace (sports and entertainment), evince that Defendants' use of the phrase is a clear willful and knowing misappropriation of Dave Johnson's celebrity persona, likeness, identity, and voice.

79.     Upon information and belief, Defendants manufactured, distributed, provided, marketed, reproduced, advertised, licensed, promoted, offered for sale and rental, and sold The Movie under the infringing mark in theaters throughout the nation, the internet, cable television, on demand television, streaming services, and other channels of interstate commerce and modes of interstate commerce and transportation.

80.     Upon information and belief, Defendants regularly do and solicit business within this judicial district and throughout New York.

81.     Upon information and belief, Defendants created, displayed, distributed, marketed, reproduced, promoted, licensed, advertised, offered for sale and rental, and sold The Movie (or participated in or assisted or aided and abided the aforementioned conduct).

82.     Upon information and belief, in 2014, Defendants premiered The Movie at the Toronto International Film Festival.

83.     Upon information and belief, on or about October 10, 2014, Defendants released The Movie to a limited number of theaters and, on or about October 24, 2014, expanded the release to a much larger number of theaters.

84.     Upon information and belief, The Movie was available in theaters in this judicial district, and in interstate commerce when it opened for nationwide viewing on or about October 24, 2014, and was shown in numerous theaters throughout the New York City areas on a continuous basis for months.

85.     Upon information and belief, in 2015, Defendants first distributed The Movie on digital versatile disc ("DVD"). The DVD of The Movie is available for consumer purchase at numerous websites. The price of the DVD ranges from $9.99 to $14.99. For example:

- Amazon at https://www.amazon.com/St-Vincent-Bill-Murray/dp/B00P1WGHLI;

- Barnes and Noble at https://www.barnesandnoble.com/p/dvd-st-vincent-bill-Murray/25035288/2661289130505?st=PLA&sid=BNB_New+Marketplace+Shopping+Media&sourceId=PLAGoNA&dpid=tdtve346c&2sid=Google_c&gclid=CjwKCAiA767jBRBqEiwAGdAOrx35HVxsKyNXMR7EWP06cWKGiGEeEiADFJ9RdZeC7bsMrraCUwwX_BoCJrEQAvD_BwE; and

- Walmart at https://www.walmart.com/ip/St-Vincent-DVD/42678662?wmlspartner=wlpa&adid=22222222227030745565&wl0=&wl1=g&wl2=c&wl3=53411664872&wl4=pla-11811223552&wl5=9004327&wl6=&wl7=&wl8=&wl9=pla&wl10=8175035&wl11=online&wl12=42678662&wl13=&veh=sem&gclid=CjwKCAiA767jBRBqEiwAGdAOr4AqpT2X9YqFQmJXittgNVt8sev9rl0rHSLGEWJaYJT1H4TolJ9l9xoC824QAvD_BwE.

86.     Upon information and belief, in 2015, Defendants first distributed The Movie for online streaming. The Movie is available for consumer online rental and purchase. The average price for rental is $3.99. The average price for purchase is $9.99. For example:

- Amazon Prime at https://www.amazon.com/gp/video/detail/B00TPJE7AG/ref=atv_dl_rdr;

19

- iTunes at https://itunes.apple.com/us/movie/st-vincent/id1217954484; and

- You Tube at https://www.youtube.com/watch?v=dRjiAkWZNtg

87.     Upon information and belief, in 2015, Defendants first distributed The Movie for on-demand viewing. The Movie is available for consumer on-demand viewing on Verizon FiOS and countless other cable television providers. The average of cost of viewing the movie on demand ranges from $3.99 to $7.99.

88.     Upon information and belief, in 2016, Defendants first distributed The Movie for cable viewing. The Movie is available for consumer on cable channels offered by Verizon FiOS and countless other cable television providers.

89.     Upon information and belief, Defendants continue to manufacture, distribute, reproduce, provide, market, license, advertise, promote, offer for sale and rental, and sell the Movie.

90.     Upon information and belief, The Movie had a $13 million budget and grossed $54.8 million ($44,137,712 in the Unites States and Canada, and $54,837,234 in the world). Thus, Defendants made a profit of approximately $42 million.

91.     Upon information and belief, The Movie won six awards and was nominated for two Golden Globe Awards and nominated for 21 other awards.

92.     Defendants' and Dave Johnson's mark and media of goods are materially identical, in that all use "AND DOWN THE STRETCH THEY COME" in the context of racing and do so in the entertainment medium. In this regard, The Movie infringes and dilutes Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark.

93.     The Movie also misappropriates Dave Johnson's celebrity persona, likeness, identity, and voice.

94.     Upon information and belief, Defendants have embarked on a program to misappropriate to itself a portion of the enormous good will, fame, recognition, and that exists in Dave Johnson's celebrity persona, likeness, identity, voice, and inextricably linked signature phrase, "AND DOWN THE STRETCH THEY COME," by creating, manufacturing, distributing, reproducing, providing, licensing, marketing, advertising, promoting, offering for sale and rental, and selling The Movie.

95.     Defendants' use and misappropriation of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark and inextricably linked celebrity persona, likeness, identity, and voice began long after Dave Johnson first used the mark, longer after Dave Johnson became a celebrity, and longer after Dave Johnson trademarked the phrase.

96.     Defendants have engaged in and continue to engage in all of the foregoing activities without Dave Johnson's consent, permission, or authority. Moreover, Defendants' have engaged in, and continue to engage in, all of the foregoing activities with full knowledge of and intentional disregard for Dave Johnson's rights in the "AND DOWN THE STRETCH THEY COME" mark and inextricably linked celebrity persona, likeness, identity, and voice.

97.     Soon after discovery of Defendants' infringing use of the "AND DOWN THE STRETCH THEY COME" mark, Dave Johnson demanded, and continues to demand, that Defendants cease all such infringing uses of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark and inextricably linked celebrity persona, likeness, identity, and voice. A copy of letter from of Dave Johnson's counsel to Mike Park, Esq. Reeder and Feig, 10474 Santa Monica Boulevard, Suite 401, Los Angeles, California, 90025 is annexed as Exhibit E. As of the date of this complaint, no defendant in this matter has responded that letter.

98.     Despite Dave Johnson's demands, Defendants continue to knowingly and deliberately infringe upon and dilute Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark with complete and total disregard for Dave Johnson's rights. They also continue to misappropriate his celebrity persona, likeness, identity, and voice.

99.     Upon information and belief, Defendants' unauthorized use of "AND DOWN THE STRETCH THEY COME" mark has caused and is likely to cause confusion and mistake among consumers as to source of Dave Johnson's signature phrase (and related services, productions, and merchandise) and the source, sponsorship, and approval of The Movie (especially Bill Murray's character and the scene in which Bill Murray utters Dave Johnson's signature phrase and imitates Dave Johnson) as well as to an affiliation, connection, or association between Defendants and Dave Johnson (including his celebrity persona, likeness, identity, and voice)—all to and Dave Johnson's substantial harm.

100.    Upon information and belief, Defendants' use of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark will likely cause confusion among consumers, whereby the public is deceived into believing that The Movie (especially Bill Murray's character and the scene in which Bill Murray utters Dave Johnson's signature phrase and imitates Dave Johnson) is produced, provided, endorsed or authorized by Dave Johnson or otherwise affiliated with Dave Johnson and his signature phrase (and related services, productions, and merchandise) and inextricably linked celebrity persona, likeness, identity, and voice.

101.    Upon information and belief, Defendants' use of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark will likely cause confusion among consumers, whereby the public is deceived into believing that Dave Johnsons' celebrity persona, likeness, identity, voice, announcements, broadcasts, sports entertainment services, radio show, and related

merchandise are produced, provided, endorsed or authorized by Defendants (or otherwise connected to Defendants, The Movie, and Bill Murray's character in the Movie).

102.    Upon information and belief, Defendants' use of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark will likely cause blurring among consumers, whereby Dave Johnson's mark is diluted.

103.    As evidenced by the above, Defendants have continued to use a trademark that is confusingly similar to Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark in connection with goods and services that are competitive with and are closely related to Dave Johnson's goods and services despite Defendants' knowledge of Dave Johnson's superior rights in the "AND DOWN THE STRETCH THEY COME" mark and express written request to cease all use of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark and inextricably linked celebrity persona, likeness, identity, and voice.

104.    Also as evidenced by the above, Defendants' use of the "AND DOWN THE STRETCH THEY COME" mark deprives, and will increasingly deprive, Dave Johnson of the benefit of the goodwill and exclusivity of the "AND DOWN THE STRETCH THEY COME" mark.

105.    Further, Defendants' use of the "AND DOWN THE STRETCH THEY COME" mark and its utterance by an unsavory character in The Movie tarnishes and will increasingly tarnish Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark and inextricably linked Johnson's celebrity persona, likeness, identity, and voice.

106.    In sum, upon information and belief, the aforesaid conduct of Defendants was undertaken in bad faith, with intent to misappropriate, confuse, infringe, dilute, and trade on Dave Johnson's celebrity persona, likeness, identity, voice, and distinctive, renowned, and

famous mark and reputation and goodwill, in and to the "AND DOWN THE STRETCH THEY COME" mark, and is therefore willful.

107.    Upon information and belief, Defendants have profited from their acts of trademark infringement entitling Dave Johnson to, *inter alia*, an award of actual and enhanced damages, costs, as well as any additional profits of Defendants under federal and state law.

108.    Upon information and belief, Defendants have profited from their acts of trademark dilution entitling Dave Johnson to, *inter alia*, an award of actual and enhanced damages, costs, as well as any additional profits of Defendants under federal and state law.

109.    Further, upon information and belief, Defendants have profited from their acts of misappropriation entitling Dave Johnson to an award of, *inter alia*, actual and enhanced damages, costs, as well as any additional profits of Defendants under New York Right of Privacy (N.Y. Civ. Rights Law §§ 50-51).

### AS AND FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF
#### (Federal Trademark Infringement)

110.    Plaintiff Dave Johnson repeats and realleges each and every allegation of paragraphs 1 through 109 of this Complaint with the same force and effect as if set forth in Plaintiff Dave Johnson's entireties at this point.

111.    "AND DOWN THE STRETCH THEY COME" has acquired distinctiveness as it is sufficiently known that consumers associate it with Dave Johnson's voice's work and a certain type of production and sports and entertainment product (and related merchandise and services) and as such, Plaintiff Dave Johnson's rights, as holder of the trademark rights to the "AND DOWN THE STRETCH THEY COME" mark are infringed by The Movie.

112.    Defendants' use of the "AND DOWN THE STRETCH THEY COME" mark for a film constitutes the unauthorized use in commerce of Plaintiff Dave Johnson's mark, "AND

DOWN THE STRETCH THEY COME," and of a false designation of origin which is likely to cause, and indeed causes confusion, mistake, or deceit as to the affiliation, connection or association of The Movie with Plaintiff Dave Johnson's use of the "AND DOWN THE STRETCH THEY COME" mark or as to the origin, sponsorship or approval of The Movie by Plaintiff Dave Johnson in contravention of Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a).

113.    Upon information and belief, Defendants adopted the "AND DOWN THE STRETCH THEY COME" mark with full knowledge of Plaintiff Dave Johnson's prior ownership and use of the "AND DOWN THE STRETCH THEY COME" mark. Accordingly, Defendants' acts have been willful.

114.    By reason of the acts of Defendants alleged herein, Plaintiff Dave Johnson has suffered, is suffering and, unless Defendants are restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

115.    Plaintiff Dave Johnson is entitled to damages for Defendants infringement and the profits realized from their infringing conduct, both in amounts to be determined at trial. Plaintiff Dave Johnson is also entitled to injunctive relief, costs, and an accounting of Defendants' profits. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff Dave Johnson additionally is entitled to punitive damages.

## AS AND FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (Federal Trademark Dilution)

116.    Plaintiff Dave Johnson repeats and realleges each and every allegation of paragraphs 1 through 115 of this Complaint with the same force and effect as if set forth in Plaintiff Dave Johnson's entireties at this point.

117.    The "AND DOWN THE STRETCH THEY COME" mark has acquired distinctiveness as it is sufficiently known that consumers associate it with Plaintiff Dave Johnson's work (and related merchandise and services) and as such, Plaintiff Dave Johnson's rights, as holder of the rights to the "AND DOWN THE STRETCH THEY COME" mark are infringed by The Movie.

118.    For decades, Plaintiff Dave Johnson has exclusively and continuously promoted and used the "AND DOWN THE STRETCH THEY COME" mark, both in the United States and throughout the world. The "AND DOWN THE STRETCH THEY COME" mark became a famous and well-known symbol of Plaintiff Dave Johnson and Dave Johnson's sports broadcasting services and related products and services well before Defendants began using "AND DOWN THE STRETCH THEY COME" in The Movie.

119.    The "AND DOWN THE STRETCH THEY COME" mark is, and was at the time Defendants commenced imitating it, famous within the meaning of Section 43(c)(l) of the Trademark Act, 15 U.S.C. § l125(c).

120.    Defendants' use in commerce of the "AND DOWN THE STRETCH THEY COME" mark dilutes the distinctive quality of the "AND DOWN THE STRETCH THEY COME" trademark, by both blurring the uniqueness of the mark and tarnishing it by means of incorporation with certain scenes in The Movie, all in violation of Section 43(c) of the Trademark Act, 15 U.S.C. § 1125(c), as amended.

121.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill and fame associated with Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark or to cause dilution of the mark and irreparable injury of Plaintiff Dave Johnson, as Defendants' made no attempt to seek permission to legally use this iconic and trademark-protected phrase.

122.     By reason of the acts of Defendants, Plaintiff Dave Johnson has suffered, is suffering and, unless Defendants are restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

123.     Plaintiff Dave Johnson is entitled to damages for Defendants' past dilution and the profits realized from Defendants' conduct, both in amounts to be determined at trial. Dave Johnson is also entitled to injunctive relief, costs, and an accounting of Defendants' profits. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff Dave Johnson additionally is entitled to punitive damages.

### AS AND FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF
**(Trademark Infringement, Deceptive Acts and Unlawful Practices in
Violation of the New York General Business Law)**

124.     Plaintiff Dave Johnson repeats and realleges each and every allegation of paragraphs 1 through 123 of this Complaint with the same force and effect as if set forth in Plaintiff Dave Johnson's entireties at this point.

125.     By creating, manufacturing, distributing, providing, marketing, advertising, reproducing, promoting, licensing, offering for sale and rental, and selling The Movie, which used the "AND DOWN THE STRETCH THEY COME" mark, Defendants have engaged in

consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

126.   Defendants' deceptive acts or practices, as described herein, are materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom Defendants have directed their marketing activities, and Dave Johnson has been injured thereby.

127.   Defendants' conduct as aforesaid is likely to cause and has indeed caused confusion or mistake among consumers as to the source of The Movie or as to the sponsorship, endorsement approval or authorization by, or affiliation with, Plaintiff Dave Johnson, and/or "AND DOWN THE STRETCH THEY COME" mark, in violation of the common law of trademark infringement and unfair competition of New York, and Sections 133 ('Use of name with intent to deceive'), 349 ('Deceptive acts and practices unlawful'), and 350-d ('Civil penalty') of the New York General Business Law.

128.   By the acts described above, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of goods and services in violation of Section 349 and 350 of the New York General Business Law.

129.   Plaintiff Dave Johnson is entitled to damages for the acts described above and the profits realized from Defendants' conduct, both in amounts to be determined at trial. Plaintiff Dave Johnson is also entitled to injunctive relief, costs, and an accounting of Defendants' profits. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff Dave Johnson additionally is entitled to punitive damages.

## AS AND FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF
### (Trademark Dilution in Violation of the New York General Business Law
### (N.Y. Gen. Bus. Law § 360-l)

130.    Plaintiff Dave Johnson repeats and realleges each and every allegation of paragraphs 1 through 129 of this Complaint with the same force and effect as if set forth in Plaintiff Dave Johnson's entireties at this point.

131.    Plaintiff Dave Johnson is the exclusive owner of the "AND DOWN THE STRETCH THEY COME" mark.

132.    Through prominent, long and continuous use in commerce, including commerce within New York, the "AND DOWN THE STRETCH THEY COME" trademark has become, and continues to become, famous and distinctive.

133.    Long after the "AND DOWN THE STRETCH THEY COME" trademark became famous, the Defendants, without authorization from Plaintiff Dave Johnson, used "AND DOWN THE STRETCH THEY COME" in The Movie.

134.    Defendants' unauthorized use of the "AND DOWN THE STRETCH THEY COME" mark, dilutes and/or is likely to dilute the quality of that mark and to lessen the capacity of such mark to identify and distinguish Plaintiff Dave Johnson's services and goods.

135.    Defendants' unlawful use of the of the "AND DOWN THE STRETCH THEY COME" mark in connection with The Movie and the unsavory character who exclaims this phrase in The Movie is also likely to tarnish that trademark and cause blurring in the minds of consumers among Plaintiff Dave Johnson, Defendants, and the character who exclaims this phrase in The Movie, thereby lessening the value of Plaintiff Dave Johnson mark, as unique identifiers of Dave Johnson's goods and services, including, but not limited to, his announcing of races and other sports and entertainment events.

136.     By the acts described above, Defendants have diluted, and are likely to continue to dilute the distinctiveness of the "AND DOWN THE STRETCH THEY COME" mark and caused a likelihood of harm to Plaintiff Dave Johnson's business reputation in violation of Section 360–l of the New York General Business Law.

137.     Defendants' conduct as aforesaid constitutes a likelihood of injury to the business reputation of Plaintiff Dave Johnson and dilution of the distinctive quality of "AND DOWN THE STRETCH THEY COME" in violation of Section 360-1 of the New York General Business Law.

138.     Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff Dave Johnson. Plaintiff Dave Johnson has no adequate remedy at law and is thus damaged in an amount not yet determined. Plaintiff Dave Johnson is also entitled to injunctive relief, costs, and an accounting of Defendants' profits. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff Dave Johnson additionally is entitled to punitive damages.

## AS AND FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF
### (Trademark infringement Common Law)

139.     Plaintiff Dave Johnson repeats and realleges each and every allegation of paragraphs 1 through 138 of this Complaint with the same force and effect as if set forth in Plaintiff Dave Johnson's entireties at this point.

140.     Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff Dave Johnson. Plaintiff Dave Johnson has no adequate remedy at law for this injury.

141.     On information and belief, Defendants acted with full knowledge of Plaintiff Dave Johnson's use of, and statutory and common law rights to, his "AND DOWN THE STRETCH THEY COME" mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

142.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill and fame associated with Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark to the great and irreparable injury of Plaintiff Dave Johnson.

143.     As a result of Defendants acts, Plaintiff Dave Johnson has been damaged in an amount not yet determined or ascertainable. Plaintiff Dave Johnson is entitled to damages for the acts described above and the profits realized from Defendants' conduct, both in amounts to be determined at trial. Plaintiff Dave Johnson is also entitled to injunctive relief, costs, and an accounting of Defendants' profits. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff Dave Johnson additionally is entitled to punitive damages.

**AS AND FOR PLAINTIFF'S SIXTH CLAIM FOR RELIEF**
**(Unfair Competition Common Law)**

144.     Plaintiff Dave Johnson repeats and realleges each and every allegation of paragraphs 1 through 143 of this Complaint with the same force and effect as if set forth in Plaintiff Dave Johnson's entireties at this point.

145.     Defendants have included a scene and line in The Movie, as their own, improperly trading upon Plaintiff Dave Johnson's goodwill and valuable rights in and to the famous "AND DOWN THE STRETCH THEY COME" mark.

146.     Defendants have committed the above alleged acts willfully, and in conscious disregard of Plaintiff Dave Johnson's rights, and Plaintiff Dave Johnson is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendants.

147.     By the acts described above, Defendants have engaged in unfair competition in violation of the common law of the State of New York.

148.     Defendants' acts have caused and will continue to cause irreparable injury to Plaintiff Dave Johnson. Plaintiff Dave Johnson has no adequate remedy at law and is thus damaged in an amount yet to be determined. Plaintiff Dave Johnson is entitled to damages for the acts described above and the profits realized from Defendants' conduct, both in amounts to be determined at trial. Plaintiff Dave Johnson is also entitled to injunctive relief, costs, and an accounting of Defendants' profits. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and the need to deter Defendants from engaging in similar conduct in the future, Dave Johnson additionally is entitled to punitive damages.

**AS AND FOR PLAINTIFF'S SEVENTH CLAIM FOR RELIEF**
**(New York Right of Privacy (N.Y. Civ. Rights Law §§ 50-51))**

149.     Plaintiff Dave Johnson repeats and realleges each and every allegation of paragraphs 1 through 148 of this Complaint with the same force and effect as if set forth in Plaintiff Dave Johnson's entireties at this point.

150.     Defendants' use of the phrase "AND DOWN THE STRETCH THEY COME" is nearly identical to the way the creator and owner of the phrase, Plaintiff Dave Johnson, has used this phrase for decades.

151.    Defendants' use of the phrase in The Movie is a clear imitation of Plaintiff Dave Johnson.

152.    Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, celebrity persona, identity, and voice are inextricably linked and inseparable.

153.    Defendants' use of the phrase "AND DOWN THE STRETCH THEY COME" in The Movie is a misappropriation of Plaintiff Dave Johnson's celebrity persona, likeness, identity, and voice.

154.    Defendants' use of Plaintiff Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," and misappropriation of his inextricably linked celebrity persona, likeness, identity, and voice constitutes a use within New York State for advertising purposes and for the purposes of trade.

155.    Defendants' use of Plaintiff Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," celebrity persona, likeness, identity, and voice is without his consent.

156.    Defendants' conduct thus violates N.Y. Civ. Rights L. § 50, a violation for which N.Y. Civ. Rights L. § 51 provides Plaintiff Dave Johnson with a cause of action for damages and injunctive relief.

157.    Plaintiff Dave Johnson has been damaged as a result of Defendants' violation of N.Y. Civ. Rights L. § 50. Furthermore, Defendants have profited from their violation, which such profits should be accounted for and disgorged. Plaintiff Dave Johnson is entitled to damages for the acts described above and the profits realized from Defendants' conduct, both in amounts to be determined at trial. Plaintiff Dave Johnson is also entitled to injunctive relief, costs, and an accounting of Defendants' profits. Further, in light of the deliberate and malicious

use of a confusingly similar imitation of Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff Dave Johnson additionally is entitled to punitive damages.

**WHEREFORE**, Plaintiff Dave Johnson prays that this Court enter a judgment:

A.      Granting each of its claims for relief;

B.      Enjoining, both preliminarily and permanently, Defendants, and all of their respective officers, directors, affiliates, successors, assigns, agents, servants, employees and those in privity with any of them, from continued infringement, dilution, misappropriation, selling, offering to sell or rent, reproducing, licensing, promoting, advertising, marketing, streaming or otherwise distributing (in any form or medium), The Movie;

C.      Enjoining, both preliminarily and permanently, Defendants, and all of their respective officers, directors, affiliates, successors, assigns, agents, servants, employees and those in privity with any of them, from continued use of the "AND DOWN THE STRETCH THEY COME" mark;

D.      Enjoining, both preliminarily and permanently, Defendants, and all of their respective officers, directors, affiliates, successors, assigns, agents, servants, employees and those in privity with any of them, from continued infringement, dilution, and misappropriation of the "AND DOWN THE STRETCH THEY COME" mark;

E.      Enjoining, both preliminarily and permanently, Defendants, and all of their respective officers, directors, affiliates, successors, assigns, agents, servants, employees and those in privity with any of them, from continued infringement, dilution, and misappropriation of Plaintiff Dave Johnson's celebrity persona, likeness, identity, and voice;

F.      Enjoining, both preliminarily and permanently, Defendants, and all of their respective officers, directors, affiliates, successors, assigns, agents, servants, employees and those in privity with any of them, from further imitation of Plaintiff Dave Johnson and his celebrity persona, likeness, identity, and voice;

G.      Ordering Defendants to recall and destroy all copies (in any form or medium) manufactured, reproduced, distributed, sold, or otherwise used, intended for use, or possessed with intent to use and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which copies of The Movie maybe made or reproduced, and all electronic, mechanical, or other devices for manufacturing, reproducing, or assembling such copies; or, in the alternative, Ordering Defendants to remove all infringing or misappropriating content (as defined herein) from all copies (in any form or medium) manufactured, reproduced, distributed, sold, or otherwise used, intended for use, or possessed with intent to use and all plates, molds, matrices, masters, tapes, film negatives, of The Movie;

H.      Awarding treble damages actually suffered by Plaintiff Dave Johnson as well as Defendants' profits from the sale, distribution, or streaming of The Movie (in any form or medium), or such greater amount as to which the Court may consider Plaintiff Dave Johnson Dave Johnson to be entitled;

I.      Awarding to Plaintiff Dave Johnson and assessing against Defendant' the costs, expert witness fees, and reasonable attorneys' fees incurred in connection with this action; and

J.      Granting such other and further relief as this Court deems fair, just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Dave Johnson, as provided by Rule 38 of the Federal Rules of Civil Procedure,

requests a trial by jury in the above captioned matter.

Respectfully submitted,

**ANDREW J. MOLLICA, ESQ.**

Dated: March 19, 2019
New York, New York

Andrew J. Mollica, Esq
20 Middleton Rd.
Garden City, NY 11530
Bar Role #AM 6758
(516) 528-1311